**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOE BRYANT WILLIAMS,

       Petitioner - Appellant,

    v.

STEPHEN KAISER, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

       Respondents - Appellees.

No. 99-7011
(D. Ct. No. 98-CV-37-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Williams, pro se, appeals the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and requests a certificate

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of appealability. We deny his request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and dismiss the appeal.

On February 9, 1995, a jury convicted petitioner of assault with a deadly weapon, after former conviction of two or more felonies, in Coal County District Court. He was sentenced to twenty years in prison. Petitioner appealed, and his case was assigned to an emergency panel of the Oklahoma Court of Criminal Appeals. On April 3, 1996, the emergency panel reversed petitioner's conviction and remanded his case for a new trial. On February 20, 1997, however, the Oklahoma Court of Criminal Appeals reversed the decision of the emergency panel and affirmed petitioner's conviction and sentence.

Petitioner then filed a post-conviction appeal in the state trial court. The state trial court denied relief on October 24, 1997, and petitioner filed a post-conviction appeal in the Oklahoma Court of Criminal Appeals. The court of criminal appeals denied petitioner's request for relief on December 12, 1997. Petitioner thereafter filed an amended petition for writ of habeas corpus on February 6, 1998 in the United States District Court for the Eastern District of Oklahoma. Adopting the findings and recommendation of a magistrate judge, the district court denied petitioner's amended request for federal habeas corpus relief. The district court also denied petitioner's request for a certificate of appealability. Petitioner timely filed a notice of appeal in this court.

Mr. Williams appears to argue that the Oklahoma Court of Criminal Appeals acted arbitrarily when it reversed the decision of the emergency panel granting him a new trial, thereby depriving him of his liberty without due process or equal protection of the law. He further asserts that as a result of the court's violation of his constitutional rights, Oklahoma lost both personal and subject matter jurisdiction over him. Consequently, petitioner contends that any judgment or order entered by an Oklahoma court against him, including his conviction and sentence in the state trial court, is void. We disagree.

As the magistrate judge pointed out in his findings and recommendation, the Oklahoma Court of Criminal Appeals has the power to assign certain cases to an emergency panel and to review the decision of an emergency panel upon the filing of a petition for review. Okla Stat. Ann. tit. 20, § 60.1-60.5 (West Supp. 1999); Jackson v. Freeman, 905 P.2d 217, 222 (Okla. 1995). Thus, the Oklahoma Court of Criminal appeals had the power to reverse the emergency panel. In addition, the record reveals that the Oklahoma Court of Criminal Appeals reversed the emergency panel because it found that the record did not support the panel's conclusion. Therefore, the court's decision to affirm Mr. Williams's conviction and sentence was not arbitrary, and there is no basis for habeas relief on this ground.

We conclude that Mr. Williams has failed to make a "substantial showing

of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c).

Accordingly, we deny his application for a certificate of appealability.

This appeal is DISMISSED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge